## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **'08 MJ 0 9 6 2** MAR 28 PM 4: 42 |
| | ) | |
| V. | ) | **Magistrate's Case No.** |
| | ) | |
| Brian MAYNARD | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF** 26 USC, Section 5861(d) and DEPUTY |
| | ) | 5871 - possession of a firearm not |
| | ) | registered in the National Firearms |
| | ) | Registration and Transfer Record |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

The undersigned complainant being duly sworn states:

### COUNT 1

On March 28, 2008, within the Southern District of California, defendant Brian MAYNARD, did possess one Heckler and Koch, model MP5K, 9x19mm, submachine gun, serial number 11475, which had not been registered or transferred in the National Firearms Registration and Transfer Record; in violation of 26 United States Code, Section 5861(d).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Special Agent Brooks Jacobsen
Bureau of Alcohol, Tobacco
Firearms and Explosives

Sworn to before me and subscribed in my presence, this 28th day of March, 2008.

William McCurine, Jr.
United States Magistrate Judge

1

United States

v.

Brian MAYNARD

## Probable Cause Statement

## OVERT ACTS

In violation of the aforementioned statutes the following act was committed in the Southern District of California:

On March 27, 2008, at approximately 3:51 PM, while located at Marine Corps Air Station (MCAS) Miramar, United States Marine Corps (USMC) Captain Benjamin Herther, USMC, reported hearing gun fire at the east end of MCAS Miramar. Captain Herther contacted MAYNARD and questioned him as to whether or not he was responsible for the gun fire. MAYNARD confessed to Captain Herther that he was in fact responsible for the gun fire. Captain Herther allowed MAYNARD to depart the area in his 1986 Chevrolet Suburban, California license plate 3ROH824; however, he reported the gun fire to base police.

On the same date as above, at approximately 4:01 PM, Military Police (MP) Staff Sergeant (SSGT) Israel Sanchez and Sergeant (SGT) Apollo Frisk initiated a vehicle stop of MAYNARD's vehicle. MAYNARD was driving the vehicle and was subsequently questioned. MAYNARD told the MPs that he had numerous firearms in the back of his Suburban and one revolver on the front seat. The MPs recovered one North American Arms, five-shot, revolver. The MPs notified Naval Criminal Investigative Service (NCIS), who subsequently notified ATF.

On the same date as above, ATF Special Agent (SA) Matthew Beals and Naval Criminal Investigative Service (NCIS) SA Mark Pendell conducted an interview of MAYNARD. SA Beals provided MAYNARD with ATF Form 3200.4 – Advice of Rights and Waiver. MAYNARD signed said form and agreed to answer SA Beals' questions. MAYNARD stated that he possessed numerous Title II firearms in the back of his Suburban; he claimed that they were properly registered. However, MAYNARD stated that he also possessed one unregistered Heckler and Kock, model MP5, submachine gun and two unregistered suppressors in the same vehicle. SA Beals asked for consent to search MAYNARD's vehicle, but he declined.

The vehicle was towed to a secure storage site adjacent to the NCIS Office at MCAS Miramar. ATF Resident Agent in Charge (RAC) Shawn Hoben maintained surveillance on the vehicle from approximately 9:00 PM until 2:00 AM on March 28, 2008. SA Brad Galvan maintained surveillance on the vehicle from approximately 2:00 AM until 6:00 AM. SA Richard Verducci maintained surveillance on the vehicle from approximately 6:00 AM until 8:00 AM when the Military Police took over surveillance.

2

On March 28, 2008, SA Beals obtained a federal search warrant for the aforementioned vehicle. ATF Agents executed the search warrant on the same date and found one Heckler and Koch, model MP5K, 9x19mm, submachine gun, serial number 11475. Further examination of this weapon was conducted by SA Beals on March 28, 2008 and revealed that the MP5K submachine gun appeared to be fully automatic capable based on a field test and the presence of a factory equipped selector switch.

SA Brooks Jacobsen, ATF, subsequently conducted a query of the National Firearms Registration and Transfer Registry; the query indicated that the firearm was not registered, nor did MAYNARD have any firearms registered to him.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/28/08

Brooks Jacobsen
Special Agent, ATF

William McCurine, Jr.
United States Magistrate Judge

3