THOMAS J. WARWICK, JR., #56200
GRIMES & WARWICK
2664 Fourth Avenue
San Diego, California  92103-6515
Telephone:  (619) 232-0600

Attorney for Brian Maynard

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>BRIAN MAYNARD,<br><br>  Defendant.<br>_____ | Criminal No. 08CR1168-WQH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS TO:**<br><br>1) **COMPEL DISCOVERY; and**<br>2) **FOR LEAVE TO FILE FURTHER MOTIONS** |

**I.**

**STATEMENT OF FACTS**

The following Statement of Facts is based on government reports provided to the Defendant, Brian Maynard ("Mr. Maynard"), thus far in discovery. It is only included to give this Court structure. Mr. Maynard does not accept this Statement of Facts as his own statement, and reserves the right to take a contrary position at motions or trial.

Mr. Maynard's charges stem from an incident which occurred on March 27, 2008, wherein military police responded after someone had reported hearing gunshots fired at the east end of MCAS Miramar. Subsequently, military police officers initiated a stop of

Mr. Maynard's vehicle. A search of the vehicle produced firearms that were not registered.

## II.

## MOTION TO COMPEL FURTHER DISCOVERY

Approximately seventy-three (73) pages of discovery have been received by counsel for Mr. Maynard. Mr. Maynard requests the following discovery pursuant to Fed. R. Crim. P. 16:

(1) <u>The Defendant's Statements</u>   Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is entitled to the disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant (see <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal <u>all</u> of the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements.

(2) <u>Arrest Reports, Notes, and Audio and/or Video Tapes</u>.  Mr. Maynard also specifically requests that all arrest reports, notes, and all audio and/or video tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports, notes, or tapes have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). (<u>See</u> also <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); and <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968).)

1  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn
2  statements, and prosecution reports pertaining to the defendant are available under Fed. R.
3  Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

4    (3)  <u>Reports of Tests and/or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(D),
5  Mr. Maynard requests the reports of all tests and examinations conducted upon the evidence
6  in this case, including, but not limited to, any fingerprint testing done upon any evidence
7  obtained in this case that is within the possession, custody, or control of the Government, the
8  existence of which is known, or by the exercise of due diligence may become known, to the
9  attorney for the Government, and which are material to the preparation of the defense or
10 which are intended for use by the Government as evidence in chief at the trial.  Mr. Maynard
11 also requests copies of any reports of physical and mental examinations which are material
12 to the defense or intended for use by the Government as evidence at the trial. (Fed. R. Crim.
13 P. 16(a)(1)(D).)

14   (4)  <u>Brady Material</u>.  Mr. Maynard requests all documents, statements, agents'
15 reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which
16 affects the credibility of the Government's case.  Impeachment, as well as exculpatory
17 evidence, falls within <u>Brady's</u> definition of evidence favorable to the accused.  (<u>United States
18 v. Bagley</u>, 473 U.S. 667 (1985).)

19   (5)  <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless
20 or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(c).

21   (6)  <u>Request for Preservation of Evidence</u>.  Mr. Maynard requests that all
22 surveillance and any other relevant tapes, photographs, or any other physical evidence that
23 may be destroyed, lost, or otherwise put out of the possession, custody, or care of the
24 Government and which relate to the arrest or the events leading to the arrest in this case be
25 preserved.  This request specifically includes, but is not limited to, any and all audio tapes
26 of monitored telephonic communications, and any evidence seized from any third party.  It
27 is requested that the government be ordered to <u>question</u> all of the agencies and individuals
28 involved in the prosecution and investigation of this case to determine if such evidence exists

and, if it does exist, to inform those parties to preserve any such evidence. Specifically, the defense requests the preservation and opportunity to inspect and copy all physical evidence that is allegedly involved in this case.

(7) <u>Tangible Objects</u> Mr. Maynard requests, under Fed. R. Crim. P. 16(a)(2)(c), the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief, or were obtained from or belong to the defendant.

(8) <u>Evidence of Bias or Motive to Lie</u>. Mr. Maynard requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. This request specifically includes, but is not limited to, any evidence that the percipient informant-witnesses are biased against the defendant, or has a motive to falsify or distort their testimony. (<u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).)

(9) <u>Impeachment Evidence</u>. Mr. Maynard requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>. (<u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); and <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).)

(10) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Maynard requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. (<u>See</u> <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985).)

(11) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember,

4

communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. (United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).)

(12) Name of Witnesses Favorable to the Defendant. Mr. Maynard requests the name of any witness who made an arguably favorable statement concerning the defendant. (Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).)

(13) Statements Relevant to the Defense. Mr. Maynard requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. (United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).)

(14) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. These materials are producible after a witness testifies at a pretrial motion to suppress, Fed. R. Crim. P. 12(I), and after a witness testifies at trial. (18 U.S.C. § 3500.) Mr. Maynard specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under 18 U.S.C. § 3500(e)(1). (Campbell v. United States, 373 U.S. 487, 490-92 (1963).) In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(15) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Maynard requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information

which could arguably be used for the impeachment of any government witness.

(16) <u>Grand Jury Transcripts</u>. Transcripts of all testimony given before the Grand Jury and those portions of Grand Jury minutes containing relevant testimony of persons whom the Government intends to call as witnesses in an evidentiary hearing or trial in the above-captioned case.

(17) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Maynard requests that the Government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant in this case. Mr. Maynard requests that the Assistant U.S. Attorney assigned to this case ensure that a review is conducted of all such files involved in the present case for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

(18) <u>Expert Witnesses</u>. Mr. Maynard requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case-in-chief. (Fed R. Crim. P. 16(a)(1)(E).)

(19) <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(20) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

(21) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed.

1  R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable
2  notice in advance of trial . . . of the general nature . . ." of any evidence the government
3  proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such
4  notice be given three (3) weeks before trial in order to give the defense time to adequately
5  investigate and prepare for trial.

6      (22)  <u>Residual Request</u>. Mr. Maynard intends by this discovery motion to invoke his
7  rights to discovery to the fullest extent possible under the Federal Rules of Criminal
8  Procedure and the Constitution and laws of the United States. Mr. Maynard also requests
9  that the government provide him with the above material sufficiently in advance of trial so
10 as to avoid unnecessary delay prior to cross examination.

## III.

## MR. MAYNARD REQUESTS LEAVE TO FILE FURTHER MOTIONS

13     Mr. Maynard and defense counsel expect to receive voluminous discovery in this case.
14 As new information comes to light, however, due to the Government providing discovery in
15 response to these motions or an order of this Court, the defense may find it necessary to file
16 further motions. It is, therefore, requested that defense counsel be allowed the opportunity
17 to file further motions based upon information gained through the discovery process.

## V.

## CONCLUSION

20     For the foregoing reasons, Mr. Maynard respectfully requests that this Court grant the
21 above motions.

23 Dated: <u>May 20, 2008</u>                    Respectfully submitted,

25                                       s/Thomas J. Warwick, Jr.
                                      THOMAS J. WARWICK, JR.
26                                       Attorney for Brian Maynard