KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant United States Attorney
California State Bar No. 239764
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619)235-2757(Fax)
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN MAYNARD,<br><br>    Defendant. | Criminal Case No. 08CR1168-WQH<br><br>DATE:  June 2, 2008<br>TIME:  2:00 p.m.<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO:<br><br>(1) COMPEL DISCOVERY; AND<br>(2) LEAVE TO FILE FURTHER MOTIONS |

   COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Response to the Motions filed on behalf of the above-captioned defendant. This Response and is based upon the files and records of this case.

**I.**

**STATEMENT OF THE CASE**

   On April 15, 2008, a federal grand jury in the Southern District of California returned a true bill of Indictment charging Brian Maynard ("Defendant") with Possession of Unregistered Firearms, in violation of Title 26 United States Code Sections 5861(d) and 5871. Defendant was arraigned on the indictment on April 29, 2008 and entered a plea of "not guilty."

//

//

## II.

## STATEMENT OF THE FACTS

**A.** **Defendant's Apprehension**

On March 27, 2008 at approximately 3:51 p.m., while located at the Marine Corps Air Stations ("MCAS") Miramar, United States Marine Corps ("USMC") Captain Benjamin Herther reported hearing gun fire at the east end of MCAS Miramar. Captain Herther contacted Defendant and questioned him as to whether or not he was responsible for the gun fire. Defendant admitted to Captain Herther that he was responsible for the gun fire. Captain Herther then allowed Defendant to leave, though he reported the gun fire to base police.

At approximately 4:01 p.m., Military Police ("MP") Staff Sergeant ("SSGT") Israel Sanchez and Sergeant ("SGT") Apollo Frisk initiated a vehicle stop of Defendant's vehicle, a 1986 Chevy Suburban. Defendant thereafter told the MPs that the had numerous firearms in the back of his vehicle and one revolver in the front seat. The MPs recovered one North American Arms, five-shot, revolver. The MPs notified Naval Criminal Investigative Service (NCIS), who subsequently notified ATF.

**B.** **Interview of Maynard**

That same evening, ATF Special Agent ("SA") Matthew Beals and NCIS SA Mark Pendell advised Defendant of his <u>Miranda</u> rights, which Defendant elected to waive. Defendant admitted that he possessed numerous Title II firearms in the back of his vehicle, claiming they were properly registered. Defendant also stated that he also possessed one unregistered Heckler and Koch, model MP5, submachine gun and two unregistered suppressors in the same vehicle.

**C.** **Search of Maynard's Vehicle and Residence**

On March 28, 2008, SA Beals obtained a federal search warrant for Defendant's vehicle and residence.

ATF Agents executed the search warrants on the same date and found one Heckler and Koch, model MP5K, 9x19mm, submachine gun, serial number 11475 in Defendant's vehicle. Further examination of this weapon was conducted by SA Beals on March 28, 2008 and revealed that the MP5K submachine gun appeared to be fully automatic capable based on a field test and the presence of a factory equipped selector switch. Agents also found two 11 1/4 inch firearm suppressors/silencers.

During the March 28, 2008 search of Defendant's home, agents found one Armscorp USA Inc., model T48 .308 caliber machine gun, serial 10392.

A query of the National Firearms Registration and Transfer Registry indicated that none of the above firearms were registered. Furthermore, Defendant did not have any firearms registered to him.

### III.

### POINTS AND AUTHORITIES

**A.    DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

    **1.    The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

    a.    The Government Will Comply With Rule 16(a)(1)(D)

To the extent he has a criminal record, Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

    b.    The Government Will Comply With Rule 16(a)(1)(E)

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and

1  vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed,
2  are frequently kept for only a short period of time and may no longer be available. Counsel should
3  contact the Assistant United States Attorney assigned to the case two weeks before the scheduled trial
4  date and the Assistant will make arrangements with the case agent for counsel to view all evidence
5  within the government's possession.

   c.   The Government Will Comply With Rule 16(a)(1)(F)

7  The government will permit Defendant to inspect and copy or photograph any results or reports
8  of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are
9  within the possession of the government, and by the exercise of due diligence may become known to
10 the attorney for the government and are material to the preparation of the defense or are intended for use
11 by the government as evidence-in-chief at the trial. Counsel for Defendant should contact the Assistant
12 United States Attorney assigned to the case and the Assistant will make arrangements with the case
13 agent for counsel to view all evidence within the government's possession.

   d.   The Government Will Comply With Its Obligations Under Brady v. Maryland

15 The government is well aware of and will fully perform its duty under Brady v. Maryland, 373
16 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within
17 its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled
18 to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains
19 to the credibility of the government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir.
20 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information
> that might affect the jury's decision; it need only disclose information favorable to the
> defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687
(9th Cir. 1980) (the government is not required to create exculpatory material that does not exist);
United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial privileges
not contained in the Federal Rules of Criminal Procedure).

//
//

e. Discovery Regarding Government Witnesses

(1) Agreements. The government has disclosed or will disclose the terms of any agreements by Government agents, employees, or attorneys with witnesses that testify at trial. Such information will be provided at or before the time of the filing of the Government's trial memorandum.[1] The government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

(2) Bias or Prejudice. The government has provided or will provide information related to the bias, prejudice or other motivation to lie of government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

(3) Criminal Convictions. The government has produced or will produce any criminal convictions of government witnesses plus any *material* criminal acts which did not result in conviction. The government is not aware that any prospective witness is under criminal investigation.

(4) Ability to Perceive. The government has produced or will produce any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

(5) Witness List. The government will endeavor to provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible government witnesses. See United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974). Defendant has already received access

---

[1] As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1  to the names of potential witnesses in this case in the investigative reports previously provided to him
2  or her.

3      (6) <u>Witnesses Not to Be Called.</u>  The government is not required to disclose
4  all evidence it has or to make an accounting to Defendant of the investigative work it has performed.
5  <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); see <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th
6  Cir. 1980).  Accordingly, the government objects to any request by Defendant for discovery concerning
7  any individuals whom the government does not intend to call as witnesses.

8      (7) <u>Favorable Statements.</u>  The government has disclosed or will disclose the
9  names of witnesses, if any, who have made favorable statements concerning Defendant which meet the
10 requirements of <u>Brady</u>.

11     (8) <u>Review of Personnel Files.</u>  The government has requested or will request
12 a review of the personnel files of all federal law enforcement individuals who will be called as witnesses
13 in this case for <u>Brady</u> material.  The government will request that counsel for the appropriate federal law
14 enforcement agency conduct such review.  <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996); see,
15 also, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992); <u>United States v. Dominguez-Villa</u>,
16 954 F.2d 562 (9th Cir. 1992).

17   Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v. Cadet</u>,
18 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense
19 that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727 F.2d at 1467, 1468.
20 Further, if counsel for the United States is uncertain about the materiality of the information within its
21 possession in such personnel files, the information will be submitted to the Court for <u>in camera</u>
22 inspection and review.

23     (9) <u>Government Witness Statements.</u>  Production of witness statements is
24 governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct
25 examination.  <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States v. Mills</u>,
26 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and therefore
27 subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject to the Jencks
28

Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies. Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum, provided that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

### f. The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

### g. All Investigatory Notes and Arrest Reports

The government objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to Defendant. Such reports, except to the extent that they include Brady material or the statements of Defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

1  //

2        h.      <u>Expert Witnesses</u>.

3  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the government will provide the defense with notice of any expert witnesses the testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the government requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

      i.      <u>Information Which May Result in Lower Sentence</u>.

Defendant has claimed or may claim that the government must disclose information about any cooperation or any attempted cooperation with the government as well as any other information affecting Defendant's sentencing guidelines because such information is discoverable under <u>Brady v. Maryland</u>. The government respectfully contends that it has no such disclosure obligations under <u>Brady</u>.

The government is not obliged under <u>Brady</u> to furnish a defendant with information which he already knows. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977). <u>Brady</u> is a rule of disclosure. There can be no violation of <u>Brady</u> if the evidence is already known to Defendant.

Assuming that Defendant did not already possess the information about factors which might affect their respective guideline range, the government would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. "No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value." <u>United States v. Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

**B.  THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion.

1  //

2  **IV.**

3  **CONCLUSION**

4  For the foregoing reasons, the Government respectfully requests that, except where unopposed,
5  Defendant's Motions be denied.

7  DATED: May 23, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 08CR1168-WQH |
|---|---|
| Plaintiff | CERTIFICATE OF SERVICE |
| v. | |
| BRIAN MAYNARD, | |
| Defendant(s). | |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Thomas J. Warwick, Jr.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 23, 2008.

s/ Aaron B. Clark
AARON B. CLARK